**BRYAN T. DAKE**
**JULIE R. PATTEN**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**James F. Battin Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone: 406-657-6101**
**Fax: 406-657-6058**
**Email: Bryan.Dake@usdoj.gov**
**Julia.Patten@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GEOFREDO JAMES LITTLEBIRD, JR.,**<br><br>**Defendant.** | **CR 22-149-BLG-SPW**<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Bryan T. Dake and Julie R. Patten, Assistant United States Attorneys for the District of Montana, and the defendant, Geofredo

James Littlebird, Jr., and the defendant's attorney, David Mattingley, have agreed upon the following:

**1. Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

**2. Charges:** The defendant agrees to plead guilty to count 2 of the superseding indictment, which charges the crime of possession with the intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1), and count 5, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The offense in count 2 carries a mandatory minimum term of imprisonment of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment. The offense in count 5 carries a mandatory minimum term of imprisonment of five years to life imprisonment, a $250,000 fine, five years of supervised release, and a $100 special assessment, to run consecutive to any other sentence. The defendant also agrees to the forfeiture allegation, described below.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 1, and 3, 4, and 6 of the superseding indictment, and dismiss the indictment and second superseding indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, counts 1, and 3, 4, and 6 of the superseding indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 1, and 3, 4, and 6 are dismissed of the superseding indictment, and the indictment and second superseding indictment are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charges contained in counts 2 of the superseding indictment.

In pleading guilty to count 2, the defendant acknowledges that:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

Finally, while not a formal element of the offense, the government must prove beyond a reasonable doubt that the distribution involved 50 grams or more of actual methamphetamine.

In pleading guilty to count 5, the defendant acknowledges that:

First, the defendant committed the crime of possession with intent to distribute methamphetamine; and

Second, the defendant possessed a firearm; and

Third, the defendant possessed the firearm in furtherance of the crime of possession with intent to distribute methamphetamine.

**5. Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory

challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the

Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6. Recommendations:** The United States will not recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), but defers to the discretion of the Court and the defendant is not foreclosed ~~for~~ from SPW requesting acceptance. The United States will not move for an additional one-level reduction, pursuant to USSG §3E1.1(b) but the defense may argue for further reduction. The parties reserve the

right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

**7. Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8. Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply, and the defendant may appeal the sentence

imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

**9. Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**10. Detention/Release After Plea:** The defendant acknowledges that the defendant will be detained pending the sentencing hearing.

**11. Forfeiture:** The following property is subject to forfeiture as a result of the criminal conviction in this matter. The defendant agrees to abandon all right title and interest in the following property:

1) Two 9mm pistols, one with S/N 21FG377-4 and another with an unknown serial number;

2) A .45 revolver, SN P02501 with ammunition

3) Marlin .22 caliber rifle, SN 104483981

4) .38 special revolver SN CVW8895

5) Stevens Model 110E series K .270 caliber win rifle SN E284691

6) Smith & Wesson, model SD9VE, 9 mm caliber semi-automatic pistol, s/n FDB1271

7) Smith & Wesson, model M&P-15, 5.56mm, s/n TU62778;

8) Remington, model 788, .223-cal, s/n B6100710, a bolt-action hunting rifle.

9) Smith & Wesson, model 36, .38 caliber special revolver, s/n 5J1188

10) Various rounds of ammunition (including .9mm, .45, 5.56, .38 and .22 caliber)

The defendant further consents to the entry of a Preliminary and Final Order of Forfeiture, pursuant to Fed. R. Crim. P. Rule 32.2; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and/or agrees to execute a release and waiver of any interests, if any, of seized assets not forfeited, transferring the property to the United States.

**12. Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use, in its case-in-chief, any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

**13. Loss of Federal Benefits:** The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title

IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

///

///

///

///

**14. Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

BRYAN T. DAKE
Assistant U. S. Attorney
Date: 11/5/24

JULIE R. PATTEN
Assistant U. S. Attorney
Date: 11/5/2024

GEOFREDO JAMES LITTLEBIRD, JR.
Defendant
Date: 1φ-5-24

DAVID MATTINGLEY
Defense Counsel
Date: 11-5-2024