United States District Court
In the District of Montana

| | |
|---|---|
| United States of America,<br>Respondent-Plaintiff,<br><br>v.<br><br>Geofredo James Littlebird,<br>Petitioner-Defendant, | Case No.:<br>Rel'ted Case No.: 29-49-BLG-SPW |

APR 03 2026
Clerk, U.S. Courts
District of Montana
Billings Division

Exhibit 1
Declaration of Geofredo James Littlebird

This Declaration, by the Petitioner and Criminal Defendant in the above captioned case, provides evidence supporting the claims and factual allegations of his two grounds requesting his sentence (and conviction) be set aside. Because his right to a fair trial was violated by errors of Constitutional dimensions.

**The Declarant:**

1. My name is Geofredo James Littlebird, I am over 21 years of age and of sound mind. I have personal knowledge of the facts stated below. I am the pro se Petitioner challenging my sentence and conviction as unconstitutional or illegal. I am untrained and unskilled in matters of the law. I swear that the following is true and accurate to the best of my recollection.

2. In my current case I was represented by three different attorneys. Their names, in the order that they represented me, are Steven Babcock, Lisa Bazant, and David Mattingley.

3. While being represented by Mr. Babcock, the Government offered at least one plea agreement. (See Attachment 1) I certify that the copy of this agreement, attached, was provided to me by Mr. Babcock on October 15, 2025.

4. While being represented by Mr. Babcock, he stopped responding to me and I requested a new attorney. This request was granted and I was assigned Ms. Bazant as counsel.

5. While being represented either by Mr. Babcock or Ms. Bazant, I remember being offered a subsequent plea agreement. This agreement stated on the first page that it was a "Binding Plea Agreement," that I was told it required me to debrief and provide assistance to law enforcement in exchange for a binding 10 year sentence. That requirement, I was later told, was dropped.

6. While representing me, Ms. Bazant made derogatory comments to me and I asked the court to appoint a new attorney, it was at this point that Mr. Mattingley was appointed to represent me.

7. In June of 2024, while being held in the Casecade County Jail, I had a telephone conversation with Mr. Mattingley. On that call he informed me that I would be receiving a second superseding indictment and I asked him about the 10 year binding plea agreement. He responded that there was no plea agreement, and I told him "Lisa and Babcock had it."

8. After being transferred back to Yellowstone County Jail for the superseding indictment I asked Mr. Mattingley about the binding plea, but he told me that the prosecutor could NOT find one. I continued to reach out to him and ask about the binding plea between August and October 2024.

9. When Mr. Mattingley told me that he was unable to locate the plea during an in-person conversation at the end of October 2024, we discussed trial options. He responded that he "has to" file a §2255 for ineffective assistance of counsel, but I questioned doing so before I was found guilty. Trial was set for November 2024. I attempted to fire Mr. Mattingley prior to trial, but was informed by Judge Waters that my reasons were not strong enough.

10. Based on advice from Mr. Mattingley, after the trial started I plead guilty to possession of methamphetamines with intent to distribute and possession of a firearm in the furtherance of a drug trafficking offense, because this was the only plea Mr. Mattingley would provide. Sentencing was set for March 5, 2025. At no point did Mr. Mattingley discuss with me that a 924(c) conviction would prevent me from earning First Step Act credits because it is a disqualifying offense, and, due to BOP policy, this prevents me from earning credits during my whole sentence. Where I would still be eligible with a 922(g) conviction.

11. Prior to sentencing I attempted to contact Mr. Mattingley repeatedly to tell him to continue to find the original plea agreement. In the course of these conversations I discovered that Mr. Mattingley was not, and never intended to file a §2255 motion as he had stated prior. This led to a confrontation between Mr. Mattingley and myself where he called me a "dumb Indian."

12. During sentencing I requested another attorney because I didn't believe that Mr. Mattingley did all that he could to locate the binding 10-year plea agreement. Judge Waters called a recess to look into the matter, however, the prosecutor reported back they could not find a prior plea agreement.

13. During the recess Mr. Mattingley told me that I "should have taken the binding 10 year agreement." When Judge Waters resumed the hearing and informed me that they were unable to locate any prior plea offer the prosecution argued for a 30 year sentence, but the Court said that the evidence only supported a sentence of 135 months for the drug offense and 60 months for the firearm to be run consecutive, as required by law.

14. After being sentenced I reached out to Mr. Babcock, my first attorney, he sent me the letter and plea agreement mentioned above. (See Attachment 1)

15. Based on information and belief, when contacted by my sister, Levonna Graham, Ms. Bazant confirmed remembering discussing a binding plea agreement.

16. I attest that at no time did Mr. Mattingley discuss with me or inform me of any pending cases before the 9th Circuit Court of Appeals or the Supreme Court that could impact any of my charges, nor did any appointed attorney mention, let alone discuss, a Supreme Court case by Mr. Bruen.

17. Any statements I attributed to the persons above are based on my hearing the statement in person and are base on my memory of what was said.

**Conclusion:**

I, Gofredo Littlebird, by my signature below, swear and affirm under the penalties of perjury that the foregoing 17 paragraphs are true and accurate, not meant to mislead, and intended to aid the Court in establishing good cause for the relief requested in the instant §2255 Motion.

Executed this 24 day of March, 2026 under 28 U.S.C. §1746, federal self-notarization statute.

Geofredo James Littlebird, Jr.

## Certificate of Service

I thereby certify that on this 25 26 day of March , 20 26 I placed with staff noted below my first class, postage prepaid envelope addressed to:

**United States District Court**
**in the District of Montana**
**2601 Second Avenue North**
**Suite 1200**
**Billings, MT, 59101-1377**

containing my **Declaration of Geofredo James Littlebird with Attachments** for outbound legal mail with:

☒ A.M. Legal Mail, or

☐ Unit Mail Box because a.m. legal mail was not available to me, specifically______________________________

Note: A.M. Legal mail is the designated legal mail system, but unit mail is used as the alternate mail drop as it is the regular institution mail.

**PLEASE NOTE:** In the interest of efficiency, the Clerk is respectfully requested to **SERVE**, via the ECF system, ALL PARTIES not listed above.

Further, I request the Court clerk **FILE** the included motions and documents under the "Prisoner Mailbox Rule" on the **DATE** noted above, pursuant Houston v. Lack, 478 U.S. 266, 267 (1988). Sworn as true and correct under pains and penalties of perjury. Executed on the above noted date under 28 U.S.C. §1746.

______________________________
Geofredo James Littlebird