AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Montana |
|---|---|
| Name (*under which you were convicted*): Geofredo James Littlebird | Docket or Case No.: |
| Place of Confinement: FCI Sandstone | Prisoner No.: 10896-046 |
| UNITED STATES OF AMERICA | V. Movant (*include name under which convicted*) Geofredo J. Littlebird |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court
for the District of Montana
Billings, MT 59101

(b) Criminal docket or case number (if you know): 1:22-CR-00149-SPW

2. (a) Date of the judgment of conviction (if you know): 03/06/25

(b) Date of sentencing: 03/06/25

3. Length of sentence: 195 months 5 years

4. Nature of crime (all counts):

21 841 PWFD Methamphetamine (2S)

18 924(c) Possession of Firearm Furtherence Drug Crime (5S)

5. (a) What was your plea? (Check one)

(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes [ ] No [X]

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [ ]
   If "Yes," answer the following:
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A
   N/A
   (3) Date of result (if you know): N/A
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ] No [XX]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
    (2) Docket or case number (if you know): N/A
    (3) Date of filing (if you know): N/A

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Counsel was ineffective when he failed to locate a prior plea that reduced Petitioner's sentence exposure by five or more years; a prior plea that had less collateral ~~consequences than the plea he had to sign; and a prior plea he was willing to sign.~~

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

But for Mr. Littlebird's third attorney's failure to locate a prior plea that was either: a binding 10 year plea, or a plea for P.W.I.D. Meth and simple Felon in possession of a firearm; Mr. Littlebird would be serving a sentence at least five years shorter than he is. As detailed in his attached declaration, Mr. Littlebird would have accepted either plea pursuant his multiple instructions to his third attorney (Mr. Mattingly) to find the plea so Mr. Littlebird could sign it.

At sentencing Mr. Littlebird asked about the binding plea he remembered seeing, the Court recessed so the government could find it. When the session restarted Littlebird remembers the government claiming no other plea offers existed.

A claim Mr. Littlebird continues to challenge as he distinctly remembers seeing a plea with the title "Binding Plea Agreement" on the first page, a recollection confirmed by his second attorney (Ms. Bazant) who told Mr. Littlebird's sister she remembers discussing a binding plea.

Separately, in his diligent search for a copy of his binding plea, Mr. Littlebird was sent a different plea by his first attorney (Mr. Babcock), a copy of which is attached to Mr. Littlebird's Declaration in Support. That plea had Petitioner pleading to the drugs (21 U.S.C. §841) and being a F.I.P. (18 U.S.C. §922(g)(1)), which would have resulted in a substantively different sentence (at least 5 years less) from what Mr. Littlebird was forced to accept due to his attorney's failure to locate the prior plea. Which if produced, the habeas record shows Mr. Littlebird would have signed. Please see the included Declaration in Support for details of these summary facts.

Because the plea Mr. Littlebird signed included a conviction for a First Step Act ("FSA") ineligible conviction, BOP policy prevents him receiving any FSA time credits. A fact never discussed with him by anyone. A fact that would have impacted his plea calculus. A fact that would not have mattered, if counsel had located the missing plea(s) as neither plea included FSA ineligible convictions.

(b) No Direct appeal was filed, therefore not raised on direct.

(c) Matter not raised in any Post-Conviction proceeding.

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application? N/A

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? N/A

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND TWO:** Counsel was ineffective when he failed to advise his client regarding the state of Second Amendment law; and oppose (or preserve) the firearms charges on Second Amendment grounds causing Petitioner to be ill-advised on how to proceed regarding the firearm charges.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel had a duty to: (1) stay informed of Supreme and Circuit court cases which might affect the viability of charges against their clients; and then (2) apprise their clients of these pending or newly decided cases and their affect on the charges faced by a client.

With the affects of New York State Rifle & Pistol Ass'n, Inc. v Bruen, 591 U.S. 1 (2022) roiling Second Amendment precedent, the firearm charges here were susceptible to a Bruen like challenge for either dismissal or preservation of issue.

A matter never discussed with Mr. Littlebird by counsel. A matter that if discussed would have changed: plea and trial strategy (conditional plea or otherwise preserved the issue); pretrial motions to dismiss the firearm counts; or Direct Appeal options.

Because the current state of the Second Amendment law is in flux prejudice here rests on counsel's failure to advise: (a) Petitioner currently has a possible challenge to his firearms counts, but that (b) the plea waiver would foreclose any future challenge or appeal of on Second Amendment (or other Constitutional) grounds.

(b) No Direct appeal was filed, therefore issue not raised on direct.

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ XX

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All grounds are raised here for the first time. They were not raised before because they sound in ineffective assistance of counsel or because counsel failed to advice or prosecute a direct appeal.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes [ ] No [XX]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging: Steve Babcock

(a) At the preliminary hearing: Billings Office
175 N 27th Suite 401
Billings, MT 59101

(b) At the arraignment and plea:

Lisa Bazant, POB 1832, Billings MT 59103

(c) At the trial:

(d) At sentencing: David A Mattingley, Distefano & Mattingly
P.O. Box 2341, Kalispell, MT 59903

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [ ] No [XX]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [XX]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [XX]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Littlebird was sentenced and convicted on March 6, 2025 (Doc. 103), based on the lack of advice by counsel he did not file a Direct Appeal. Littlebird's case became final on March 21, 2025 (date sentenced plus 14 days to file Notice of Appeal, see Clay v. United States, 537 U.S. 522, 525 (2003) per 28 U.S.C. §2255(f)(1). This motion is timely if filed by or before March 21, 2026.

Littlebird reserves the right to amend, add, and/or modify this petition, the language of any Ground or supporting facts under any appropriate authorities, including but not limited to: F.R.Cv.P. Rule 15 and/or Title 28 U.S.C. §2255(f)(2) and (f)(4).

The allegations in this motion are not the full facts available or known to Littlebird but are meant to establish the bare minimum facts needed to show he has colorable viable claims worth developing further, all that is needed under Fed. Rules Governing 2255 Proceedings, Rule 4. If the Court finds any allegations do not meet this standard, Littlebird respectfully requests the Court allow him to correct any deficiencies because this is his one and only chance to be heard on these claims. Jones v. Hendrix, Supreme Court June 20023, 599 U.S. 465 (2023).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therfore, movant asks that the Court grant the following relief:

Conduct (or hold) any necessary pre or post reply discovery to grant any (or all) of the relief requested:

(1) **VACATE** (or set aside) Walker's conviction and sentence;

(2) **STRIKE** the plea agreement and change of plea;

(3) **RESET** all pretrial, trial, and motion clocks, as well as reset all rulings and set the calendar for a new trial; or

(4) any other relief movant may be entitled to.

[signature], For And As Next Friend Of

Geofredo J. Littlebird
Petitioner pro se

I declare under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.c. §2255 was placed in the prison mailing system on (March , 2026).

Please see included Certificate of Filing & Service for details.

Executed on March , 2026.

[signature], For And As Next Friend Of

Geofredo J. Littlebird

# Certificate of Service

I thereby certify that on this 17TH day of March, 20 26 I placed with staff noted below my first class, postage prepaid envelope addressed to:

United States District Court
in the District of Montana
2601 Second Avenue North
Suite 1200
Billings, MT, 59101-1377

containing my 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody for outbound legal mail with:

☒ A.M. Legal Mail, or

☐ Unit Mail Box because a.m. legal mail was not available to me, specifically________________________________________________________________

Note: A.M. Legal mail is the designated legal mail system, but unit mail is used as the alternate mail drop as it is the regular institution mail.

**PLEASE NOTE:** In the interest of efficiency, the Clerk is respectfully requested to **SERVE**, via the ECF system, ALL PARTIES not listed above.

Further, I request the Court clerk **FILE** the included motions and documents under the "Prisoner Mailbox Rule" on the **DATE** noted above, pursuant Houston v. Lack, 478 U.S. 266, 267 (1988). Sworn as true and correct under pains and penalties of perjury. Executed on the above noted date under 28 U.S.C. §1746.

[signature] For, As Next Friend OR

Geofredo James Littlebird