IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>vs.<br>GEOFREDO JAMES LITTLEBIRD, JR.,<br>Defendant/Movant. | Cause No. CR 22-149-BLG-SPW<br><br>ORDER |

Before the Court is a 28 U.S.C. § 2255 Motion to Vacate Judgment filed by Geofredo James Littlebird Jr. ("Littlebird"). *See*, (Docs. 107-1 & 110) Littlebird challenges the 195-month Bureau of Prisons sentence, followed by 5 years of supervised release, that he received in this Court on March 5, 2025. *See*, Judg. (Doc. 103.)

Littlebird's § 2255 motion was prepared with the assistance of William Batton a senior inmate law clerk at FCI Sandstone as Littlebird's "next friend." *See generally*, (Doc. 107.) In a document attached to the § 2255 Motion, Mr. Batton explained that he had been working diligently with Littlebird for months to prepare the motion, but due to Littlebird's placement in segregation, completion of the motion was challenging. Cognizant of the pending filing deadline, Mr. Batton worked to submit the motion in a timely manner on behalf of Littlebird. (*Id.* at 2-

3.) Shortly after the submission of the § 2255 Motion, the Court received an Affidavit/Declaration from Littlebird. (Doc. 108.)

In both the Declaration and the § 2255 Motion, Littlebird references a prior plea agreement he received while represented by Mr. Babcock. *See e.g.*, (Doc. 108 at 2, ¶ 3); *see also*, (Doc. 110 at 4.) Littlebird argues that had he been allowed to accept this prior agreement, he would have received a much less onerous sentence. Littlebird's filings indicate that the plea agreement is attached to the filings for the Court's review, (*id.*), but to date no attachment has been received.

As part of the prescreening process, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court is to review the § 2255 "motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.* A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).

Before this Court completes the required preliminary review, Littlebird will be provided an opportunity to submit a copy of the plea agreement referenced in his filings.

Accordingly, IT IS ORDERED:

1. Littlebird may respond to this Order within **45 days**, by filing a copy of the plea agreement referenced in his filings and/or any additional documentation he wishes the Court to consider.

2. If no additional documents are provided within the time provided, the Court will continue with prescreening of Littlebird's motion.

Littlebird must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of September, 2026.

Susan P. Watters
United States District Court Judge